UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No.  24-CV-12668-AK |
| SIMMONS BANK, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT SIMMONS BANK'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**ANGEL KELLEY, D.J.**

This case arises from an insurance indemnification dispute resulting from a fraudulent real estate transaction involving property located in Massachusetts.  Plaintiff Old Republic National Title Insurance Company ("Old Republic") brings this action against Defendant Simmons Bank ("Simmons") after Simmons allegedly accepted and processed a fraudulent check.  [Dkt. 1.2 at ¶ 11].  Old Republic initially filed suit in Massachusetts Superior Court, and Simmons timely removed the case to this Court pursuant to 28 U.S.C. § 1332.  [Dkt. 1].

Now before the Court is Simmons' Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  [Dkt. 7].  Simmons contends that it lacks sufficient contacts with Massachusetts to support the exercise of personal jurisdiction, as the relevant conduct occurred entirely outside the Commonwealth.  [Dkt. 8 at 2].  Old Republic opposes this motion, asserting that Simmons' business activities in Massachusetts and the alleged tortious injury within the state are sufficient to establish jurisdiction.  [Dkt. 10 at 8].  For the

1

reasons set forth below, the Court finds that Old Republic has failed to meet its "burden of showing that personal jurisdiction is both statutorily authorized and consistent with the constitutional requirements of due process." Motus, LLC v. CarData Consultants, Inc., 23 F.4th 115, 121 (1st Cir. 2022). Accordingly, Simmons' Motion to Dismiss is **GRANTED**, and the case is **DISMISSED**.

I.    **FACTUAL BACKGROUND**

Old Republic is a Florida corporation with its principal place of business in Massachusetts. [Dkt. 1.2 at ¶ 1]. Simmons is a state-chartered bank headquartered in Arkansas, where it also maintains its principal place of business. [Id. at ¶ 2]. Simmons does not maintain any branches, offices, or employees in Massachusetts.[1] [Dkt. 10 at 2-3]. However, it has originated at least 50 mortgage loans in the Commonwealth since 2021, totaling over $20 million. [Dkt. 10 at 3].

On April 12, 2024, an individual impersonating the owner of a property in Methuen, Massachusetts, used a forged deed to induce Bachir Lib, LLC ("Bachir") to issue a check for $180,755.97. [Dkt. 1.2 at ¶¶ 6, 10]. The check was deposited at a Simmons branch in Arkansas, and the funds were subsequently withdrawn. [Dkt. 8 at 1]. After the fraud was discovered, Old Republic indemnified Bachir pursuant to its title insurance policy. [Dkt. 1.2 at ¶ 13].

Old Republic filed suit in Massachusetts Superior Court on September 13, 2024, asserting claims for negligence, breach of duty, and indemnity. [Dkt. 1.2]. Old Republic argues that Simmons should have rejected the check because the account holder did not exist. [Id. at ¶ 14]. Alternatively, Old Republic claims that Simmons acted negligently by failing to verify the customer's identity if an account did exist. [Id. at ¶ 16]. Simmons removed the case to federal

---

[1] Corey Chafin is presently the sole advisor authorized to originate loans in Massachusetts for Simmons, but he is based out of Simmons' Poplar Point branch in Memphis, Tennessee – not Massachusetts.

court on October 21, 2024, and moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2). [Dkt. 1; Dkt. 7]. Old Republic opposed the motion, asserting that Simmons' ongoing business dealings in Massachusetts—particularly its involvement in numerous mortgages—establish personal jurisdiction. [Dkt. 10 at 3].

## II.    LEGAL STANDARD

A motion under Rule 12(b)(2) challenges the Court's authority to exercise personal jurisdiction over a defendant. The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. See Vapotherm, Inc. v. Santiago, 38 F.4th 252, 257 (1st Cir. 2022). Where, as here, the Court decides the motion without an evidentiary hearing, the prima facie standard applies. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002). Under this standard, the Court considers whether the plaintiff has proffered evidence that, if credited, would support jurisdiction. Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016). The Court accepts the plaintiff's properly supported facts as true and construes them in the light most favorable to the plaintiff, but may also consider undisputed facts presented by the defendant. Jet Wine & Spirits, Inc. v. Bacardi & Co. Ltd., 298 F.3d 1, 4 (1st Cir. 2002).

Although the plaintiff's burden is "light," they cannot rely on "mere allegations," but must point to specific facts in the record that substantiate their claims. Id. at 8 (citing Daynard, 290 F.3d at 51). Furthermore, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit [for] subject-matter jurisdiction and [over] the parties [for] personal jurisdiction." Rodríguez-Rivera v. Allscripts Healthcare Sols., Inc., 43 F.4th 150, 162 n.8 (1st Cir. 2022) (quoting Sinochem Int'l

3

Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007)).  Accordingly, the Court must first resolve the jurisdictional question before proceeding to the merits of the case.

## III.   DISCUSSION

To exercise personal jurisdiction over a nonresident defendant, the Court must find that the defendant's contacts with the forum satisfy both the Massachusetts long-arm statute *and* the Due Process Clause of the Fourteenth Amendment.  Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).  Simmons contends that Old Republic has failed to meet either requirement, and the Court agrees.

### A.  Personal Jurisdiction Under the Massachusetts Long-Arm Statute

Simmons is neither incorporated nor headquartered in Massachusetts and thus is not subject to general jurisdiction.  See Exxon Mobil Corp. v. Att'y Gen., 94 N.E.3d 786, 791 (Mass. 2018).  Nor do its activities in Massachusetts rise to the level required for general jurisdiction. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984); Tatro v. Manor Care, Inc., 625 N.E.2d 549, 554 n.6 (Mass. 1994).  Accordingly, the Court considers only whether specific jurisdiction exists.

The Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3, enumerates the circumstances under which a court may assert personal jurisdiction over a nonresident defendant. Exxon Mobil Corp., 94 N.E.3d at 792-93.  Relevant here are subsections (a), (c), and (d), which authorize jurisdiction where a defendant: (1) transacts business in Massachusetts (§ 3(a)); (2) causes tortious injury by an act or omission within Massachusetts (§ 3(c)); or (3) causes tortious injury in Massachusetts through out-of-state conduct while regularly doing or soliciting business in the Commonwealth (§ 3(d)).  Because the long-arm statute may impose stricter limits than federal due process, the Court must first determine whether jurisdiction is authorized under the

statute before proceeding to a constitutional analysis.  See SCVNGR, Inc. v. Punchh, Inc., 85 N.E.3d 50, 52 (Mass. 2017).

1. *Transacting Business – § 3(a)*

To establish jurisdiction under Mass. Gen. Laws ch. 223A, § 3(a), the defendant must have purposefully engaged in significant business activities in Massachusetts, and the plaintiff's claims must arise from those activities.  Tatro, 625 N.E.2d at 551; Power v. Connectweb Techs., Inc., 648 F. Supp. 3d 321, 331-32 (D. Mass. 2023).  Isolated or attenuated contacts may be insufficient. Power, 648 F. Supp. 3d at 332.

Here, Old Republic's claims do not arise from any Massachusetts-based transactions by Simmons.  [Dkt. 8 at 1].  Additionally, Simmons does not advertise, solicit, or maintain facilities in the Commonwealth, and it has not directly interacted with Old Republic or its insureds in Massachusetts.  [Id. at 4].  While Simmons holds mortgages on Massachusetts properties, Old Republic has not shown that these activities are sufficiently connected to the alleged tort.  [Id. at 3]; see Sun Life Assurance Co. of Canada v. Sun Bancorp, Inc., 946 F. Supp. 2d 182, 188 (D. Mass. 2012) (holding that passive investment activity did not constitute transacting business under § 3(a)).  Accordingly, § 3(a) does not apply.

2. *Causing Tortious Injury – § 3(c)*

Mass. Gen. Laws ch. 223A, § 3(c) applies only where the defendant's act or omission occurred within Massachusetts.  Simmons' alleged negligence—accepting a fraudulent check—occurred entirely at its Arkansas branch.  [Dkt. 8 at 1].  Thus, § 3(c) is inapplicable.

3. *Causing Tortious Injury – § 3(d)*

Old Republic also invokes Mass. Gen. Laws ch. 223A, § 3(d), which permits jurisdiction where a defendant causes tortious injury in Massachusetts through out-of-state conduct, provided

5

the defendant regularly does or solicits business in the Commonwealth or derives substantial revenue from goods used or services rendered here. See Keds Corp. v. Renee Int'l Trading Corp., 888 F.2d 215, 219 (1st Cir. 1989).

Old Republic argues that Simmons' mortgage portfolio in Massachusetts generates hundreds of thousands of dollars in revenue. [Dkt. 10 at 13]. But courts assess not only the absolute dollar amount, but also its significance relative to the defendant's overall operations. See Mark v. Obear & Sons, Inc., 313 F. Supp. 373, 375-76 (D. Mass. 1970). Here, Simmons' Massachusetts revenue represents a small fraction of its national business. Moreover, Simmons is not registered to do business in Massachusetts, does not solicit customers here, and lacks any physical presence in the state. [Dkt. 8 at 4, 14]. Thus, even assuming arguendo that Old Republic suffered a tortious injury in Massachusetts, Simmons' limited and indirect economic activity in the Commonwealth does not satisfy § 3(d). See Good Hope Indus., Inc. v. Ryder Scott Co., 389 N.E.2d 76, 80 (Mass. 1979) (requiring purposeful availment and a discernible nexus between the defendant's conduct and the forum).

Because Old Republic has not demonstrated that any provision of the long-arm statute applies, the Court lacks statutory authority to exercise jurisdiction. Nonetheless, for completeness, the Court proceeds to the constitutional analysis.

### B. Personal Jurisdiction Under the Due Process

The Due Process Clause of the Fourteenth Amendment limits a court's authority to exercise personal jurisdiction over a nonresident defendant. To satisfy due process, a plaintiff must establish either general or specific jurisdiction, each requiring distinct legal showings. See United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).

*1. General Jurisdiction*

General jurisdiction exists when a defendant's contacts with the forum state are so "continuous and systematic" that the entity is essentially "at home" there. Daimler AG v. Bauman, 571 U.S. 117, 127 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). For corporations, this typically means being incorporated or having a principal place of business in the forum. See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Courts assess general jurisdiction holistically, considering the totality of a defendant's in-state activities. See BNSF Ry. Co. v. Tyrrell, 581 U.S. 402, 414 (2017).

Simmons does not meet this standard. It is incorporated and headquartered in Arkansas, has no physical presence in Massachusetts, and does not employ personnel or solicit business in the Commonwealth. [Dkt. 8 at 4]. Its mortgage holdings in Massachusetts represent less than one percent of its overall lending portfolio—insufficient to render it "at home" in the state. See Kuan Chen v. United States Sports Acad., Inc., 956 F.3d 45, 57 (1st Cir. 2020). As the Supreme Court has emphasized, courts should refrain from "stretch[ing]" general jurisdiction beyond traditionally recognized limits. Daimler, 571 U.S. at 132. Accordingly, Simmons Bank is not "essentially at home" in Massachusetts, and Old Republic cannot rely on general jurisdiction to establish personal jurisdiction.

*2. Specific Jurisdiction*

Specific jurisdiction is claim-specific and requires that the defendant's forum-related conduct gave rise to the plaintiff's claims. See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 359 (2021). Courts apply a three-part test: (1) relatedness, (2) purposeful

7

availment, and (3) reasonableness.  See Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009).  The Court addresses each factor in turn.

### a) Relatedness

The relatedness prong requires that the plaintiff's claims arise directly from the defendant's in-state conduct.  Swiss Am. Bank, 274 F.3d at 620-21.  Here, Old Republic's claims stem from Simmons' acceptance of a fraudulent check in Arkansas, not from any activity Simmons conducted in Massachusetts.  [Dkt. 8 at 1].  Its mortgage lending in the Commonwealth is unrelated to the transaction at issue and played no role in the alleged tort.  [Id. at 5].  Without a causal link between Simmons' forum contacts and the claims asserted, relatedness is lacking.

### b) Purposeful Availment

Purposeful availment requires that the defendant deliberately engaged in significant activities within the forum, such that it could reasonably anticipate being haled into court there.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).  Simmons does not advertise, solicit, or maintain a presence in the state.  [Dkt. 8 at 4].  The fraudulent transaction occurred entirely outside Massachusetts and was not the result of any forum-directed conduct.  [Id. at 1].  Courts routinely reject jurisdiction where a defendant's contacts are passive or incidental.  See, e.g., Walden v. Fiore, 571 U.S. 277, 290 (2014).

### c) Reasonableness

Even if the first two prongs were satisfied, and they are not, the Court must still assess whether exercising jurisdiction would be reasonable.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).  This involves a balancing of several factors, including the burden on the defendant of litigating in the forum, the forum state's interest in resolving the dispute, the plaintiff's interest in obtaining convenient and effective relief, the judicial system's

interest in efficiently resolving controversies, and the shared interests of the states in furthering substantive social policies. Baskin-Robbins, 825 F.3d at 40 (quoting Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 209 (1st Cir. 1994)). These considerations are applied flexibly: when the plaintiff's case for jurisdiction based on relatedness and purposeful availment is weak, the threshold for showing that jurisdiction would be unfair is correspondingly lower. Id.

Here, requiring Simmons to litigate in Massachusetts would impose a substantial burden, as its operations, witnesses, and records are located elsewhere. Massachusetts has limited interest in adjudicating a dispute involving out-of-state conduct, particularly where the injured party has already been compensated. Forcing Simmons to defend itself in this forum would offend traditional notions of fair play and substantial justice.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks personal jurisdiction over Simmons Bank. Simmons' Motion to Dismiss [Dkt. 7] is therefore **GRANTED**, and the case is **DISMISSED.**

**SO ORDERED.**

Dated: June 23, 2025                               /s/ Angel Kelley
                                                   Hon. Angel Kelley
                                                   United States District Judge